JAMES D. STANWOOD *vs.* GEORGE N. COMER.

Suffolk. Nov. 21, 1874. — June 14, 1875. WELLS & DEVENS, JJ.,
                                        absent.

A tenant of a part of a building, who covenants in his lease "to pay the proportion-
    ate part of the expense of heating the said building by steam," is not liable for
    the interest upon the cost of the heating apparatus and its appliances, the expense
    of keeping them in repair and their depreciation in value.

In an action by a landlord against his tenant, upon a covenant in the lease, to recover
    the proportionate part of the expense of heating the building by steam, the tenant
    introduced evidence that the appliances were not suitable ; that his business of
    keeping school was at times interrupted by the rooms being too cold for his pupils
    to write, and that on two days in which no heat was supplied by reason of repairs
    in the apparatus, he dismissed his school altogether ; that the admission to the
    school was by tickets which entitled the holder to sixty lessons each year, which
    could be taken on any days during the year ; and was permitted to testify, for the
    purpose of proving his damages, that the average current daily expenses of keep-
    ing his school during the time in question were fifty dollars a day. *Held,* that the
    last mentioned evidence was incompetent, and that its admission afforded the plain-
    tiff good ground of exception.

CONTRACT for breach of a covenant in a lease. Trial in the
Superior Court, without a jury, before *Bacon,* J., who allowed a
bill of exceptions in substance as follows :

On April 20, 1870, Charles S. Brown and the defendant en-
tered into an agreement, by the terms of which the defendant
agreed to take a lease of a part of a certain building in Boston for
five years from the first day of July following, and Brown agreed
" to put in proper apparatus for heating the building by steam."
A form of lease was annexed to the agreement. In January,
1871, the plaintiff, who had acquired the interest of Brown, and
the defendant executed a lease, dated July 1, 1870, of the build-
ing, by the terms of which the lessee agreed " to pay the pro-

portionate part of the expense of heating the said building by steam."

The plaintiff was lessee of the whole building for a long term of years, and executed similar leases of other parts of the building to other tenants. At the time of the execution of the agreement between the defendant and Brown, there was no steam heating apparatus in the building. There was, however, testimony that it was agreed it should be put in. The steam heating apparatus was put in by the plaintiff in September and October, 1870, the boiler being in the basement in a part of the premises not demised by the plaintiff to any tenants, and the pipes led therefrom, and the radiators were distributed through the different rooms in the building; and this apparatus was used for heating the premises demised to the defendant during the fall and winter of 1870 and the spring of 1871. The defendant occupied the premises continuously through the years 1870 and 1871, having been tenant prior to July 1, 1870.

To prove the entire expense of heating the whole of the building by steam, (the proportionate part which would be chargeable to the defendant, if his premises were properly heated, being substantially agreed upon at the trial,) the plaintiff was permitted to offer evidence of the cost of the coal and water used, and the services of an engineer, and the cost of the gas for the use of the engine room, and the expense of the removal of ashes. The plaintiff also offered evidence of the cost of the original apparatus, and of the amount or value of the depreciation of the same from use during the fall, winter and spring in question, and also of the actual sum paid out during the fall, winter and spring for the necessary repairs of such apparatus, and in the purchase of necessary tools and instruments for successfully running the same. The plaintiff also introduced evidence that the apparatus was sufficient and suitable for properly heating the whole building, including the premises let to the defendant, and was properly and suitably managed during the time in question.

The defendant introduced evidence that the apparatus was not suitable; that his premises were not at all times suitably heated for his business, which was that of keeping school; that, frequently, portions of the day his rooms were too cold for his pupils to write; that on two days in which no heat was supplied by

reason of repairs in the apparatus, in consequence of a pipe hav-
ing burst, the defendant dismissed his school altogether.    The
admission to the defendant's school was by tickets which entitled
the holder to sixty lessons each year, which could be taken at any
time on any days during the year.

The plaintiff offered evidence that boilers of steam heating ap-
paratus annually depreciate a certain percentage of their value,
and contended that in order to determine the expense of heat-
ing the building by steam, a proportionate part of which the de ·
fendant was to pay, interest on the cost of the apparatus and
also the annual depreciation should be considered and included ;
but the judge ruled otherwise, and excluded both.    The plaintiff
also contended that, in the expense of heating the building by
steam, the money paid for necessary repairs on the apparatus
during the fall, winter and spring in question, or some part
thereof, should be considered or included, but the judge excluded
this evidence.    The plaintiff also contended that the cost of
tools and instruments, or the interest on the cost of such tools
and instruments used in running said apparatus and actually
bought, should be included or considered in determining this ex-
pense, but the judge excluded this evidence, and ruled that the
plaintiff was bound to furnish suitable heating apparatus and
suitable tools and instruments for running the same, and to
keep the same in good repair, and no part of the cost of the
same nor interest on said cost, nor any depreciation or wearing
out of the same, nor anything for necessary repairs, should be
considered or included in making up the expense of heating.
To the exclusion of the testimony and the rulings the plaintiff
excepted.

For the purpose of showing the damages to be recovered, which
the defendant suffered by reason of his premises not being suit-
ably heated, he was asked what were the average current daily
expenses of keeping his school during the fall, winter and spring
in question, to which the plaintiff objected ; but the answer of the
defendant was admitted, to wit, fifty dollars a day, against the
plaintiff's objection ; and the judge ruled that such expenses were
admissible to prove said damages, to which rulings the plaintiff
excepted.    The judge found as a fact that the plaintiff's contract
**to suitably** heat the building was broken for two days, and al

lowed a considerable sum for damages suffered by the defendant in consequence of the defendant's premises not being properly heated, which he deducted from the proportionate part of the expense of heating, determined as aforesaid, and rendered judgment for the plaintiff for the remainder. The plaintiff alleged exceptions.

*W. A. Field*, for the plaintiff.

*S. J. Thomas*, for the defendant.

AMES, J. It was correctly ruled at the trial that interest upon the cost of the heating apparatus and its appliances, the expense of keeping them in good repair, and their depreciation in value, were not to be taken into account in the estimate of the expense of heating the building, towards which the defendant was bound to contribute. The lessor fits up the building with such fixtures and conveniences as he thinks proper, and lets it in that condition to the various tenants. The interest upon the money invested, and the damage expected to be done to the building or any of its parts by use and general wear and decay, are matters for him to consider in determining upon the rent which he shall require of his tenants. The present lease does not in terms require of the defendant that he shall be charged with anything for repairs, depreciation and interest connected with the heating apparatus, and the natural and obvious interpretation of his covenant upon that subject is that he will contribute his proportion of the actual outlay or expenditure incurred in the current, ordinary and regular supply and management of that apparatus for the general benefit of the tenants.

Upon the question as to the damages suffered by the defendant by reason of the failure of the apparatus to keep his premises properly heated, the ordinary course of proof would have been for him to show that some inconvenience or injury produced by that cause had had the effect to increase his expenses or to diminish his receipts. He was permitted to show the average daily expenses of his business under ordinary circumstances, not for the purpose of showing that there had been an increase of expense from the cause complained of, but in the language of the bill of exceptions, " to prove said damages." But it is obvious that the damages resulting from the accident complained of do not depend upon, and are not affected by, the ordinary expenses

incident to the prosecution of his business. The only mode, in which the evidence as to those expenses could throw any light upon the question of damages, would be by comparing the ex penses of different periods of time with each other, but it does not appear to have been used for any such purpose. It had no tendency whatever to prove the damages, and was incompetent and inadmissible for the purpose for which it was admitted by the court. It is, therefore, a case of incompetent evidence, introducing into the computation of damages an element that does not belong to it, and capable of operating injuriously to the plaintiff's rights. Upon this point, therefore, the plaintiff's

*Exceptions are sustained.*